GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Avi Weitzman
Direct: +1 212.351.2465
Fax: +1 212.351.5265
AWeitzman@gibsondunn.com

January 25, 2022

VIA ECF

Hon. Ronnie Abrams
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Henry v. Fox News Network, LLC*, Case No. 1:21-cv-07299 [rel. 1:20-cv-05593-RA]
Motion for Stay of Discovery Pending Resolution of Motion to Dismiss

Dear Judge Abrams:

We represent Defendants Fox News Network, LLC ("Fox News") and Suzanne Scott in the above-referenced action. On November 16, 2021, Defendants filed a motion for a stay of discovery pending resolution of their motion to dismiss Plaintiff's complaint. Dkt. 62. Shortly thereafter, on November 22, the Court issued an order holding the stay application in abeyance until November 30, the deadline for Plaintiff to advise whether he intended to amend his complaint. Dkt. 65. Plaintiff decided to amend his pleadings, and on December 14, filed an Amended Complaint. Dkt. 67. Because the amended pleading failed to correct the fatal deficiencies to his legal claims and added additional frivolous claims and allegations, Defendants filed another motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and New York's anti-SLAPP statute. *See* Dkt. 68. Defendants now respectfully seek to renew their request for a stay of discovery pending Your Honor's ruling on Defendants' motion to dismiss. The grounds for issuing a stay are even stronger now than they were with Defendants' first motion to dismiss in November.[1]

"The court may, for good cause, issue an order" to stay discovery, Fed. R. Civ. P. 26(c), and the Court has "considerable discretion" in making that determination, *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). "[A] pending motion to dismiss may constitute 'good cause' for a protective order staying discovery." *Id.*; *see also O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4, 9 (S.D.N.Y. Apr. 26, 2018); *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016).

---

[1] Defendants attempted to avoid having to renew this stay motion by seeking a stipulated stay of discovery, as the parties did in the related defamation lawsuit, *Henry v. National Public Radio*, No. 1:21-cv-05728-RA-GWG, Dkt. 21 (S.D.N.Y. Nov. 8, 2021). Plaintiff, however, refused Defendants' offer.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

January 25, 2022
Page 2

In determining whether a stay of discovery is warranted, courts consider three factors: (1) the strength of the dispositive motion; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *See Boelter*, 2016 WL 361554, at *4. Each factor weighs heavily in favor of granting a discovery stay here.

*First*, Defendants have filed a motion to dismiss setting forth numerous meritorious grounds to dismiss the entire Amended Complaint. With respect to Plaintiff's defamation claims, Defendants moved to dismiss on grounds, including (1) Plaintiff's failure to plead facts demonstrating falsity; (2) Plaintiff's failure to point to actionable, non-opinion statements; (3) the fair report privilege; and (4) Plaintiff's failure to plead facts sufficient to establish actual malice. Defendants also moved to dismiss Plaintiff's false light and tortious interference claims because they are likewise barred on multiple, independent grounds. *See* Dkt. 69 at 20–24. A stay of discovery pending a motion to dismiss is appropriate where, as here, Defendants "have substantial arguments for dismissal . . . of the claims asserted in this lawsuit." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

*Second*, subjecting Defendants to discovery would be unduly burdensome and a waste of party resources, given the pendency of Defendants' dispositive motion. *See Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994); *see also Boelter*, 2016 WL 361554, at *5. As alleged in the Amended Complaint, Plaintiff's work at Fox News began more than ten years ago, *see* Am. Compl. ¶ 27, and Plaintiff's admitted involvement with Ms. Eckhart—which may be relevant to a substantial truth defense—goes back to 2014 and extends over more than three years, *see id.* ¶ 28. The potential breadth and cost of discovery weighs strongly in favor of a stay. *See Integrated Sys. & Pwr. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting a stay where discovery would "cover a six-year period"). This is particularly so given that the Amended Complaint's allegations extend far beyond Defendants' allegedly defamatory statements, and include allegations involving such matters as Fox News programming decisions and other supposed instances of sexual misconduct. *See* Am. Compl. ¶¶ 60–61, 67. These are irrelevant matters as to which discovery should not be permitted, but their presence in the Amended Complaint signals that if discovery proceeds, Plaintiff may seek discovery into such matters, potentially triggering disputes concerning the appropriate scope of discovery. Indeed, Plaintiff primarily used his opportunity to amend not to address the myriad deficiencies in his legal claims identified in Defendants' first motion to dismiss, but rather to add many new spurious allegations accusing a variety of Plaintiff's former co-workers of extramarital affairs and other alleged misconduct—furthering his campaign of harassment, not any legitimate litigation interests. *See* Am. Compl. ¶¶ 85–138.

The burdens of discovery weigh particularly heavily in favor of a stay in meritless defamation suits (such as this one), where discovery can impose substantial burdens that chill free speech. *See Adelson v. Harris*, 973 F. Supp. 2d 467, 503 n.26 (S.D.N.Y. 2013) ("*Twombly* and *Iqbal*

**GIBSON DUNN**

January 25, 2022
Page 3


. . . require courts to scrutinize a plaintiff's allegations [in a defamation action] before proceeding to discovery"); *see also Rosen v. Sapir*, No. 20-cv-05844, Dkt. 25 (S.D.N.Y. Oct. 8, 2020) (granting stay of discovery pending disposition of a motion to dismiss in a defamation case). This common-sense approach in defamation cases is also embodied in New York's recently amended anti-SLAPP law, which is intended to allow for quick resolution of SLAPP suits *without* subjecting defendants to the burden and expense of discovery.[2] *See* CPLR 3211(g)(3) (discovery "shall be stayed upon the filing of a motion made pursuant to this section"); *see also* 2020 Sess. Law News of N.Y. Leg. Memo Ch. 250, 2019 New York Assembly Bill No. 5991 (recognizing that SLAPP plaintiffs cause harm to defendants "by attempting to tie the defendant up in litigation, including discovery and/or by forcing the defendant to have to advance legal fees and costs to their counsel for otherwise unnecessary proceedings"). Consistent with this aim of the anti-SLAPP law, the Second Department recently stayed all discovery in another defamation case implicating the anti-SLAPP law pending appeal. *See* Notice of Entry, *Project Veritas v. N.Y. Times Co.*, Index No. 63921/2020, Dkt. No. 163 (N.Y. Sup. Ct. Oct. 28, 2021) (attaching Second Department order). Because permitting discovery to proceed here would strip Defendants of the very rights they are seeking to vindicate—the rights conferred on defamation defendants by the First Amendment and anti-SLAPP law—the same result is warranted here regardless of which standard applies.

*Third*, Plaintiff will not be prejudiced by a discovery stay in any way. Briefing on Defendants' motion to dismiss is now complete. Accordingly, if Plaintiff's Amended Complaint survives the motion to dismiss (which it should not), any stay is likely to be short-lived and non-prejudicial to Plaintiff, who filed this action on the last day of the statute of limitations period and delayed serving his complaint for three months until the service deadline had expired. *See Integrated Sys. & Pwr.*, 2009 WL 2777076, at *1 (delaying start of discovery "for only a few months" would "not prejudice the Plaintiff to any degree"). We note that the Court entered discovery stays pending the resolution of motions to dismiss filed in two related actions. *See Eckhart v. Fox News Network, LLC*, No. 20-cv-05593, Minute Entry (S.D.N.Y. Apr. 20, 2021); *Areu v. Fox News Network, LLC*, No. 20-CV-8678, Dkt. 51 (S.D.N.Y. July 20, 2021). And Plaintiff himself agreed to a stay of discovery in a third related action. *See* n. 1 above.

Accordingly, Defendants now renew their previously filed motion for a stay of discovery pending resolution of their motion to dismiss.

---

[2] The substantive provisions of New York's anti-SLAPP law apply in federal court, *see, e.g.*, *Palin v. N.Y. Times Co.*, 510 F. Supp. 3d 21, 26 (S.D.N.Y. 2020); *Coleman v. Grand*, 523 F. Supp. 3d 244, 258 (E.D.N.Y. 2021), and govern defamation suits like this one, involving communications relating to "an issue of public interest," N.Y. Civ. Rights Law § 76-a(1)(a). *See* Dkt. 69, at 9–10.

# GIBSON DUNN

January 25, 2022
Page 4

Respectfully submitted,

/s/ Avi Weitzman

Avi Weitzman

Cc: All Counsel of Record via ECF

Application granted.

Having considered the relevant factors, *see, e.g.*, *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018), the Court finds that a stay is appropriate pursuant to Federal Rule of Civil Procedure 26(c).

Accordingly, discovery will be stayed pending resolution of the motion to dismiss.

SO ORDERED.

Hon. Ronnie Abrams
02/03/22