# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Avi Weitzman
Direct: +1 212.351.2465
Fax: +1 212.351.5265
AWeitzman@gibsondunn.com

May 26, 2022

VIA ECF

Hon. Ronnie Abrams
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Henry v. Fox News Network, LLC*, Case No. 1:21-cv-07299

Dear Judge Abrams:

On behalf of Defendants Fox News Network, LLC and Suzanne Scott ("Defendants"), I respectfully write to bring to the Court's attention *Daleiden v. Planned Parenthood Federation of America*, 2022 WL 1013982 (2d Cir. Apr. 5, 2022), a recent decision from the Second Circuit Court of Appeals pertinent to Defendants' motion to dismiss Plaintiff's amended complaint. The decision is appended hereto.

In their reply brief in support of their motion to dismiss, Defendants cited the lower court's decision in *Daleiden*. *See* Dkt. 80 at 10–11 (citing *Center for Medical Progress v. Planned Parenthood Federation of America*, 2021 WL 3173804, at *5 (S.D.N.Y. July 27, 2021) (McMahon, J.)). This Court held in that case that the fair report privilege provides absolute protection for reporting on judicial proceedings, without regard to when in the course of those proceedings the reported statements were made. The Second Circuit affirmed the district court's dismissal of the complaint under Rule 12(b)(6) because the statements in question—such as that the plaintiff "manufacture[d] a fake smear campaign against Planned Parenthood,"—were protected by the fair report privilege. *Daleiden*, 2022 WL 1013982, at *1. With respect to one of the published statements at issue, the Second Circuit noted that, while it was not "a verbatim recitation of the charges in the California criminal case," it "provided 'background to the misconduct attributed to' Plaintiffs in that case and therefore 'fell within the statutory privilege afforded to a fair and true report of a judicial proceeding.'" *Id.* at *2 (quoting *Ford v. Levinson*, 454 N.Y.S.2d 846, 848 (1st Dep't 1982)). *Accord* Dkt. 69, at 16 (noting that the fair report privilege applies to "'background facts' pertinent to claims in 'anticipated judicial proceedings'") (quoting *Dimond v. Time Warner, Inc.*, 119 A.D.3d 1331, 1332–33 (4th Dep't 2014)).

May 26, 2022
Page 2

The Second Circuit also held that, "[e]ven if Planned Parenthood's statements were not privileged as fair and true reports of judicial proceedings, they would be privileged as expressions of opinion." *Id.* at *2. Defendants similarly contend that the statements at issue involving Mr. Henry are protected opinions. *See* Dkt. 69 at 15 (noting that "vague," "subjective," or "loose . . . language" is protected opinion).

Respectfully,

Avi Weitzman

Cc: All Counsel of Record via ECF

Daleiden v. Planned Parenthood Federation of America, Not Reported in Fed. Rptr. (2022)

Case 1:21-cv-07299-RA   Document 90   Filed 05/26/22   Page 3 of 5

2022 WL 1013982
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

David DALEIDEN, The Center for Medical Progress, Plaintiffs-Appellants,

v.

PLANNED PARENTHOOD FEDERATION OF AMERICA, Defendant-Appellee.[*]

No. 21-2068-cv
|
April 5, 2022

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

**Attorneys and Law Firms**

FOR PLAINTIFFS-APPELLANTS: Ronald D. Coleman, Dhillon Law Group Inc., New York, NY.

FOR DEFENDANT-APPELLEE: William C. Perdue, Janine M. Lopez, Arnold & Porter Kaye Scholer LLP, Washington, D.C.; Dori Ann Hanswirth, Diana Sterk, Arnold & Porter Kaye Scholer LLP, New York, NY.

PRESENT: GUIDO CALABRESI, GERARD E. LYNCH, RAYMOND J. LOHIER, JR., Circuit Judges.

**SUMMARY ORDER**

 *1  David Daleiden and the Center for Medical Progress ("Plaintiffs") appeal from a July 27, 2021 judgment of the United States District Court for the Southern District of New York (McMahon, J.) dismissing their defamation suit against the Planned Parenthood Federation of America. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." Kinsey v. N.Y. Times Co., 991 F.3d 171, 175 (2d Cir. 2021). We may "affirm a decision dismissing a complaint on any grounds supported in the record, even if it is not one on which the trial court relied." Mandala v. NTT Data, Inc., 975 F.3d 202, 207 (2d Cir. 2020) (cleaned up).

The parties agree that Plaintiffs' sole claim of defamation is governed by New York law. Under New York law, a defamation claim requires "a false statement, published without privilege or authorization to a third party, constituting fault," that "either cause[s] special harm or constitute[s] defamation per se." Peters v. Baldwin Union Free Sch. Dist., 320 F.3d 164, 169 (2d Cir. 2003) (quoting Dillon v. City of New York, 704 N.Y.S.2d 1, 5 (1999)).

There are two allegedly defamatory statements at issue here. The first appeared in a September 2019 Rewire News Group article titled "Anti-Choice Activist David Daleiden Gets Bad News in Court." See App'x 215–217. The article, which reported that a California judge had denied Daleiden's motion to quash a search warrant that had been executed on his apartment in connection with a criminal case against him, included a statement from a Planned Parenthood spokesperson that Daleiden and his co-defendant in that criminal matter should face the legal consequences of their "multiyear illegal effort to manufacture a fake

Case 1:21-cv-07299-RA   Document 90   Filed 05/26/22   Page 4 of 5

Daleiden v. Planned Parenthood Federation of America, Not Reported in Fed. Rptr. (2022)

smear campaign against Planned Parenthood." App'x 217. The second statement appeared on Planned Parenthood's Twitter feed on November 15, 2019, after a jury found in the organization's favor in a civil case it had brought against Plaintiffs and others in federal court. Linking to an article reporting the verdict, Planned Parenthood tweeted, "We're thrilled with today's verdict, which found that the so-called 'Center for Medical Progress,' David Daleiden, and others who created a false smear campaign against Planned Parenthood broke multiple state & federal laws." App'x 223.

Plaintiffs focus on the statements that Daleiden and his associates "manufacture[d] a fake smear campaign against Planned Parenthood" and "created a false smear campaign against Planned Parenthood." See App'x 5.8 (initial bracket retained, all other alterations omitted). The District Court concluded that those statements were privileged as "fair and true report[s] of [a] judicial proceeding." Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am., 551 F. Supp. 3d 320, 328 (S.D.N.Y. 2021) (quoting N.Y. Civ. Rights Law § 74); see Kinsey, 991 F.3d at 176. We agree.

*2 As relevant here, New York courts have extended the "fair and true" reporting privilege to statements made by "those connected with the suit," Branca v. Mayesh, 476 N.Y.S.2d 187, 189 (2d Dep't 1984), aff'd 63 N.Y.2d 994 (1984), and to publications of all kinds, including tweets, see, e.g., Highland Cap. Mgmt., L.P. v. Dow Jones & Co., 116 N.Y.S.3d 18, 19 (1st Dep't 2019). A report qualifies for the privilege if "the ordinary viewer or reader can determine from the publication itself that the publication is reporting on a judicial proceeding." Kinsey, 991 F.3d at 178–79 (cleaned up); see Cholowsky v. Civiletti, 887 N.Y.S.2d 592, 596 (2d Dep't 2009). And a statement is "fair and true" "if it is substantially accurate, that is if, despite minor inaccuracies, it does not produce a different effect on a reader than would a report containing the precise truth." Kinsey, 991 F.3d at 178 (quotation marks omitted); see Cholowsky, 887 N.Y.S.2d at 596. New York courts will not review the challenged language "with a lexicographer's precision." Kinsey, 991 F.3d at 179 (quotation marks omitted); Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co., 49 N.Y.2d 63, 68 (1979).

Applying these principles, we agree with the District Court that the statements in question were both "reporting on judicial proceedings" and "fair and true reports of those proceedings." Ctr. for Med. Progress, 551 F. Supp. 3d at 329 (cleaned up). The statement in the Rewire article, while not a verbatim recitation of the charges in the California criminal case, provided "background to the misconduct attributed to" Plaintiffs in that case and therefore fell "within the statutory privilege afforded to a fair and true report of a judicial proceeding." Ford v. Levinson, 454 N.Y.S.2d 846, 848 (1st Dep't 1982) (quotation marks omitted). Indeed, in the decision that was the subject of the Rewire article and that denied Daleiden's motion to quash, the state court discussed how Daleiden and his co-defendant conspired to obtain fake driver's licenses, used a fictitious company, and assumed fake identities "with the intent to defraud Planned Parenthood." App'x 181–82. As for the November 2019 tweet, we agree with the District Court that Planned Parenthood's "characterization of the verdict accurately reflect[ed] the jury's findings that [Daleiden and others] perpetuated a fraud that was designed to (and did) result in substantial harm" to Planned Parenthood. Ctr. for Med. Progress, 551 F. Supp. 3d at 330; see also App'x 132–38 (jury verdict forms). Neither statement "suggest[ed] conduct more serious than the conduct alleged in the underlying court cases." Ctr. for Med. Progress, 551 F. Supp. 3d at 331; see Daniel Goldreyer, Ltd. v. Van de Wetering, 630 N.Y.S.2d 18, 22 (1st Dep't 1995) (finding statements privileged because they "did not suggest more serious conduct than that actually found as a result of the proceedings").

Even if Planned Parenthood's statements were not privileged as fair and true reports of judicial proceedings, they would be privileged as expressions of opinion. See Mann v. Abel, 10 N.Y.3d 271, 276 (2008). In determining what constitutes a nonactionable opinion, the "dispositive inquiry" is whether a reasonable reader "could have concluded that [the statements in question were] conveying facts about the plaintiff." Gross v. N.Y. Times Co., 82 N.Y.2d 146, 152 (1993) (quotation marks omitted). Courts must examine the challenged statements "with a view toward (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication ... [or] the surrounding circumstances are such as to signal readers or listeners that what is being read or heard is likely to be opinion, not fact." Id. at 153 (cleaned up); see Brian v. Richardson, 87 N.Y.2d 46, 51 (1995). This inquiry must begin "by looking at the content of the whole communication, its tone and apparent purpose." Immuno AG. v. Moor-Jankowski, 77 N.Y.2d 235, 254 (1991).

Case 1:21-cv-07299-RA   Document 90   Filed 05/26/22   Page 5 of 5

Daleiden v. Planned Parenthood Federation of America, Not Reported in Fed. Rptr. (2022)

**\*3** Given that both statements in question were made by a party connected to the relevant cases, a reasonable reader would have "arrive[d] with an appropriate amount of skepticism, with the expectation that they [were], in all probability, going to hear opinion[.]" Melius v. Glacken, 943 N.Y.S.2d 134, 136 (2d Dep't 2012) (quotation marks omitted); see Immuno AG., 77 N.Y.2d at 255. In addition, although a statement of opinion may be actionable if it "implies a basis in facts which are not disclosed to the reader or listener," Gross, 82 N.Y.2d at 153, that was not the case here. Instead, both statements were "accompanied by a recitation of the facts on which [they were] based," which signaled to readers "that what [was] being read ... [was] likely to be opinion, not fact." Id. at 153–54.

Because Planned Parenthood's statements were privileged, we conclude that the District Court did not err in dismissing the suit.

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

**All Citations**

Not Reported in Fed. Rptr., 2022 WL 1013982

Footnotes

| | |
|---|---|
| \* | The Clerk of Court is respectfully directed to amend the caption as set forth above. |

**End of Document**       © 2022 Thomson Reuters. No claim to original U.S. Government Works.